```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                CORPUS CHRISTI DIVISION
```

TERRY TEBON,                         §
                                     §
        Plaintiff,                   §
                                     §
v.                                   §   Civil Action NO. C-05-106
                                     §
THE TRAVELERS INSURANCE              §
COMPANY A/K/A THE PHOENIX            §
INSURANCE COMPANY AND BRYAN          §
SHILL, INDIVIDUALLY AND AS           §
REPRESENTATIVE FOR THE TRAVELERS     §
INSURANCE COMPANY A/K/A THE          §
PHOENIX INSURANCE COMPANY,           §
                                     §
        Defendants                   §

### OPINION AND ORDER FOR REMAND

On this day came to be heard the "Motion for Remand" filed by Plaintiff Terry Tebon ("Tebon"). This motion is in response to the removal of this case to federal court by Defendants The Travelers Insurance Company a/k/a The Phoenix Insurance Company ("Travelers"), and Bryan Shill, individually and as the representative of Travelers ("Shill")(collectively "Defendants"). For the reasons stated herein, the Court will remand this action to the 148th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause Number 04-6817-E.

### I. JURISDICTION

Defendants removed this action to the Court on March 2, 2005, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The Court determines that it does not have jurisdiction over the above-

styled action.

## II.  FACTS AND PROCEEDINGS

The following uncontested facts are taken from Tebon's complaint and the parties' "Joint Discovery/Case Management Plan." Tebon sustained injuries in an automobile accident on December 9, 2002, which involved two other vehicles. Tebon was the driver of the lead vehicle, which was rear-ended twice. At the time of the accident, Tebon had a valid policy in effect with Travelers, which insured Tebon against loss caused by bodily injury, resulting from the ownership, maintenance, or use of an underinsured vehicle. Tebon claims that the other two individuals involved in the accident were underinsured because his damages exceed the $45,000 in total insurance proceeds he received from them. As a result, Tebon filed a claim with Travelers pursuant to his underinsured coverage provision. Travelers refused to pay Tebon's claim.

Tebon originally filed this action against Travelers on November 29, 2004, in the 148th Judicial District Court of Nueces County, Texas, where it was assigned Cause No. 04-6817-E.[1] Travelers was served with "Plaintiffs' Original Petition" on December 14, 2004, and removed the action to this Court on January 12, 2005, pursuant to diversity jurisdiction.

---

[1] The original action named Terry Tebon and Charlotte Tebon as joint plaintiffs. The current removal action by Defendants names only Terry Tebon as plaintiff.

The Court, <u>sua sponte</u>, reviewed its subject matter jurisdiction in regard to the amount in controversy. The original petition did not specify the amount sought in damages, the types of physical injuries suffered by Tebon, or the amount of the underinsured policy limit. The Court determined that it did not have jurisdiction over the action and remanded to the 148th Judicial District Court of Nueces County, Texas, on January 25, 2005. Travelers filed an "Agreed Motion for Reconsideration" of the order to remand on February 1, 2005, attaching a stipulation establishing that the amount in controversy exceeds $75,000, and that the plaintiffs had made a demand over the $1,000,000 underinsured motorist policy limit. The "Agreed Motion for Reconsideration" was denied as a matter of law by the Court on February 28, 2005.

Tebon filed "Plaintiff's Second Amended Original Petition" on February 25, 2005, naming as an additional defendant the claim adjuster, Bryan Shill, individually and as agent for Travelers. Tebon asserts the following causes of action against Defendants:

1) Unfair settlement practices in violation of Texas Insurance Code § 542.003;

2) Failure to provide timely notice of the acceptance or rejection of a claim and failure to timely pay the claim in violation of Texas Insurance Code § 542.051 et seq.; and

3) Breach of duty of good faith and fair dealing.

Tebon seeks actual damages in the full amount of the policy

limits for his injuries that resulted from the accident. He also seeks extra-contractual damages for mental anguish and frustration, treble damages, pre- and post-judgment interest at 18% per year, and attorney's fees and costs.

Defendants filed a second "Notice of Removal" with the Court on March 2, 2005, asserting diversity jurisdiction under 28 U.S.C. § 1332, and alleging that Shill was fraudulently joined to defeat diversity jurisdiction and to prevent removal. On March 10, 2005, Defendants filed a "Motion to Quash" various discovery requests made by Tebon while the case was pending in state court. Tebon filed a "Motion to Remand" on March 11, 2005.

### **III. DISCUSSION**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Laughlin v. Prudential Insurance Co., 882 F.2d 187, 190 (5th Cir. 1989). "In determining whether remand is appropriate, [a] court must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." Id.

Unless the balance is strongly in favor of the defendant,

4

the plaintiff's choice of forum should rarely be disturbed. <u>Gulf Oil v. Gilbert</u>, 330 U.S. 501, 508 (1947).  It is well-settled law that the removing party bears the burden of showing that the removal was proper. <u>Frank v. Bear Stearns & Co.</u>, 128 F.3d 919, 921-22 (5th Cir. 1997).  This burden extends to demonstrating the jurisdictional basis for removal. <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365 (5th Cir. 1995).

**A.    Timely Removal**

As a threshold matter, the Court looks to the March 2, 2005, removal to determine if removal was proper, and whether the Court has jurisdiction over this matter.  At the time of the second removal, Defendants were in possession of a document from the plaintiff stipulating that the amount in controversy exceeded the required $75,000 for diversity jurisdiction.  This stipulation will be construed as an "other paper" for purposes of determining timely removal.

A notice of removal must be filed "within thirty days after receipt by defendant, through service or otherwise, of a copy of the initial pleading...."  28 U.S.C. § 1446(a).  The thirty day period starts to run when the defendant receives an initial pleading that affirmatively reveals on its face diversity or federal question jurisdiction. <u>Leffall v. Dallas Indep. Sch. Dist.</u>, 28 F.3d 521, 525 (5th Cir. 1994); <u>Chapman v. Powermatic, Inc.</u>, 969 F.2d 160, 163 (5th Cir. 1992).

"If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or <u>other paper</u> from which it may first be ascertained that the case is ... removable."  28 U.S.C. § 1446(b) (emphasis added).  A case may not be removed on the grounds of diversity jurisdiction more than one year after commencement of the action.  <u>Id.</u>

The Fifth Circuit has stated that "if an 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' after receiving the initial pleading."  <u>Chapman v. Powermatic, Inc.</u>, 969 F.2d 160, 164 (5th Cir. 1992), <u>cert. denied</u>, 507 U.S. 967, 113 S. Ct. 1402 (1993).  By that logic, a post-complaint demand or settlement letter may constitute "other paper."  <u>Addo v. Globe Life and Accident Ins. Co.</u>, 230 F.3d 759, 761-762 (5th Cir. 2000).

Additionally, "other paper" requires a "voluntary act by the plaintiff."  <u>S.W.S. Erectors, Inc. v. Infax, Inc.</u>, 72 F.3d 489, 494 (5th Cir. 1996).  A case cannot become removable by "evidence of the defendant or by an order of the court."  <u>Id.</u> (finding defense counsel's affidavit of his understanding of the amount in controversy not to be "other paper," but deposition testimony of plaintiff's officer was "other paper").

Finally, the Fifth Circuit requires that the information

supporting removal under the second paragraph of 28 U.S.C. Section 1446(b) -- referring to a case not removable by its initial pleadings -- be "unequivocally clear and certain." Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002).  This is a higher standard than that required for removal under the first paragraph of 28 U.S.C. Section 1446(b) where the standard is that the initial pleading is "setting forth" a removable claim.  Id. (explaining that "to set forth" means "to give an account" whereas the second paragraph uses the word "ascertained" which means "to make certain").

Here, we have a case that, when originally filed, was not removable; an "other paper" from which it was first ascertained that the case is removable; and such "other paper" was received after the receipt of the initial pleading.  In addition, the stipulation was voluntarily made by the plaintiff, and because the demand amount of $1,002,219.00 was far in excess of the required amount in controversy, the Court finds that the unequivocally clear and certain standard is also met.

The stipulation of the afore-mentioned demand amount was dated January 31, 2005, commencing the thirty-day time period for removal.  Defendants removed the case on March 2, 2005.  Thus, removal was timely under 28 U.S.C. § 1446.  Tebon timely filed this "Motion to Remand" on March 11, 2005.

**B.   No Improper Joinder**

"Where there are allegations of fraudulent joinder, the removing party has the burden of proving the fraud ... The burden of persuasion placed upon those who claim fraudulent joinder is a heavy one." Laughlin, 882 F.2 at 190.  The removal statutes are to be strictly construed against removal; doubts as to removal are resolved in favor of remanding the case to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000).

The Fifth Circuit has recently adopted the term "improper joinder," rather than "fraudulent joinder," as being more consistent with the statutory language.  Although the court of appeals finds no substantive difference in the terms, "improper joinder" is preferred. Smallwood v. Illinois Central Railroad Company, 385 F.3d 568571 n.1 (5th Cir. 2004).  The Court will use the preferred terminology herein.

Smallwood, and subsequent case law construing it, is considered by the Fifth Circuit as a clarification of the improper joinder doctrine. McDonal v. Abbot Laboratories, 2005 WL 957142 *3-4 (2005).  "To establish a claim for improper joinder, the party seeking removal must demonstrate either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id. at 4.  Defendants are pleading

the latter.

The Fifth Circuit, sitting <u>en</u> <u>banc</u> in <u>Smallwood</u>, clearly states that "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." 385 F.3d at 573.

In their "Notice of Removal," Defendants argue that Tebon improperly joined Shill, and that his joinder is a sham meant to defeat diversity jurisdiction.  Defendants claim that Tebon has no possibility of recovering against Shill, so Shill can be disregarded for purposes of determining diversity.

Tebon asserts that he has no preference of forum for this action, and in fact, his actions have consistently been in good faith, as evidenced by the "Agreed Motion For Reconsideration" of the Court's "Order of Remand," in which he joined.  Tebon read and understood the Court's "Order to Remand" and subsequent denial of the "Agreed Motion to Reconsider" to mean that this case was properly placed in state court.  Accordingly, Tebon proceeded with his claims in state court, and joined Shill pursuant to Shill's alleged liability in the case.  Tebon asserts that Defendants have evidenced a pattern of delay, and this second attempt at removal is intended to further delay addressing

9

this case on the merits.

Considering part one of the test for improper joinder, the Court finds no actual fraud in Tebon's pleading of jurisdictional facts, nor do the Defendants allege fraud.  The Court now considers the ability of the Tebon to establish a cause of action against the non-diverse party, Shill, in state court.

A court may resolve the issue of predicting whether a plaintiff has a reasonable basis of recovery under state law in one of two ways.  "The court may conduct a [Federal Rules of Civil Procedure ("Fed.R.Civ.P.")] Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Smallwood, 385 F.3d at 573.  If "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the district court may pierce the pleadings and conduct a summary inquiry, pursuant to the court's discretion. Id.  In this inquiry, the motive or purpose of the joinder of in-state defendants is not relevant. Id. at 574.

Defendants rely on Griggs v. State Farm Lloyds, 181 F.3d 694 (5th Cir. 1999), for the premise that to determine [improper] joinder of a non-diverse defendant, the court must determine if there is any reasonable basis for predicting that the plaintiff

might be able to establish the non-diverse defendant's liability on the pleaded claim in state court. Asserting that Griggs is analogous to the case at bar, defendants state that the petition in Griggs named the non-diverse individual as a defendant but did not allege any actionable facts specific to the individual. Griggs is distinguishable on its facts. The only factual allegation mentioning the insurance agent in Griggs stated that "Defendants [sic], though its local agent, Lark Blum, issued an 'insurance policy.'" In the case at bar, however, Tebon alleges that "all of the allegations in the petition were conducted by and through adjuster Shill under the auspices of employment for [Travelers]." (Plaintiff's Second Amended Original Petition, p.6).

Defendants also cite Cavallini v. State Farm Mut. Auto Ins., 44 F.3d 256 (5th Cir. 1995), for the premise that Cavallini is analogous to the present case, in that the Fifth Circuit held that the agent was improperly joined, and the plaintiffs' petition failed to state a claim against said agent. Again, in Cavallini, the petition did not allege any facts against the agent, and other than listing his name and address for purposes of service, the petition did not mention the agent at all. Id. at 260, n.8.

Defendants cite Cavallini on another issue. The Fifth Circuit held that "a complaint amended post-removal cannot divest

11

a federal court of jurisdiction." Id. at 264.  The plaintiffs in Cavallini attempted, after the case was removed to federal court, to submit documentation for the court to consider in examining the jurisdictional facts pertaining to removal.  Distinguishing the case at bar, Tebon filed his amended complaint in state court on February 25, 2005.  Defendants' Notice of Removal was not filed until March 2, 2005.  Consequently, the issue of considering documentation pertaining to jurisdiction filed after removal is not before the Court.

As stated above, Tebon's "Second Amended Original Petition" asserts that all of the allegations contained in his petition were conducted by and through adjuster Bryan Shill, and said conduct was committed by Shill intentionally.  Tebon states that Shill should be made to answer for all acts and omissions alleged in Tebon's petition.  Tebon also asserts that he forwarded discovery which he reasonably believes will lead to information which will be admissible at trial against Defendants, and will demonstrate Shill's personal professional liability as a licensed adjuster in the State of Texas.  Rule 8(a) of the Fed.R.Civ.P. requires "a short and plain statement of the claim showing that pleader is entitled to relief."  It is well-settled law that general allegations are acceptable, as a plaintiff will eventually be required to provide further evidence upon discovery.  "Such simplified notice pleading is made possible by

a liberal opportunity for discovery and other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." <u>Conley v. Gibson</u>, 355 U.S. 41, 47-48 (1957). Tebon is making no claim of fraud against any Defendant, so the heightened pleading requirement under Fed.R.Civ.P. Rule 9(b) is not applicable.

    Weighing all the facts in this case, evaluating all of the factual allegations in the light most favorable to the plaintiff, and resolving all contested issues of substantive fact in favor of the plaintiff, this Court cannot rule with certainty that there is no possibility that Tebon will be able to establish a cause of action against Shill. The Court need not pierce the pleadings and conduct a summary inquiry. The Court finds no improper joinder. Consequently, there is no diversity jurisdiction with in-state defendant Shill's joinder in the case.

    The parties now come before the Court in their "Joint Discovery/Case Management Plan" filed April 28, 2005, and stipulate that the Court has jurisdiction over the case. However, the Court finds a lack of complete diversity, and pursuant to 28 U.S.C. § 1332, will remand this case to the state court in which it was originally commenced.

    Finally, Defendants present to the Court for determination that issue that Tebon had not perfected a jury demand prior to

the date of the second removal.  Pursuant to remand to the state court, the Court need not reach this issue.

**IV.  CONCLUSION**

For the reasons set forth above, the Court determines that it does not have jurisdiction over the above-styled action.  The case is hereby REMANDED to the 148th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause Number 04-6817-E.  Any and all pending discovery motions will be heard by the State Court.

SIGNED and ENTERED this 6th day of May, 2005.

_____

Janis Graham Jack
United States District Judge